EDWIN ISHAM *vs.* EUNICE SCHAFER, impleaded with Henry Schafer.

60b 317
e54ad552

In an action against husband and wife, brought by judgment creditors of the husband, to charge the separate estate of the wife with the judgment debt, the books of account of one B., (since deceased,) containing an account consisting of debt and credit, between B. and the husband, were offered for the purpose of proving that the latter had paid B. for materials which B. had furnished for a house the wife had built upon her land. *Held* that the books were clearly incompetent evidence, as against the wife; the account therein contained being between other parties.

The law devotes all the property of a debtor, both real and personal, to the payment of his debts; and if a debtor, instead of paying his debts, uses his personal property upon the real estate of another, so that it becomes part of such realty, for the purpose of defrauding his creditors, and preventing them from obtaining satisfaction of their demands out of his property, with the knowledge and consent of the owner of the realty, the judgment creditor may follow the property into the hands of the owner of the premises thus benefited, and fasten his judgment upon such premises, to the extent of the debtor's property therein.

Isham *v.* Schafer.

If a debt has been created between the judgment debtor and the owner of the real estate, the judgment will be fastened upon such debt, and the debtor of the judgment debtor will be decreed to pay the debt, to the judgment creditor.

But where no debt has been created between the parties to the fraudulent transaction, and the personal property of the judgment debtor has merged in, and become part of, the real estate of another, in this way, the appropriate, if not the only remedy, is to fasten the judgment upon the real estate, to the extent of the judgment debtor's property thus made a part of the realty.

In every such case, however, it must appear that the debtor has contributed something in the nature of property to the real estate of another—something which the creditor had the right to claim as property, and which could be appropriated and converted into money, by legal process, to satisfy a debt or demand.

If it was something else, for instance, the mere labor or skill of the debtor, gratuitously bestowed, no such relief could be had, on account of it. The law gives the creditor a lien and claim upon the property of his debtor—upon the fruits of his labor and skill, when received or earned—but no lien or claim upon his capacity to labor, or upon his skill and ingenuity.

There is a distinction between the *property* of a judgment debtor, as such, and his *gratuitous services* in managing his wife's business.

APPEAL from a judgment entered upon the report of a referee.

The action was brought by the plaintiff, as the assignee of a judgment recovered by himself and George P. Isham and Henry P. Isham against the defendant Henry Schafer, to have the said judgment declared a lien upon certain premises, the title to which was in the defendant Eunice Schafer.

The referee found the following facts, viz: That in March, 1866, the defendant Eunice Schafer became the owner, in her own right, of a piece of land situate in Dunkirk, Chautauqua county, and which is described in the plaintiff's complaint in this action, and since that time has been the owner thereof. That the said Eunice Schafer was married to the said Henry Schafer in 1857, and since that time they have lived together as husband and wife. That in the year 1868, a brick dwelling-house was erected

Isham *v.* Schafer.

on said premises, the defendant Eunice Schafer furnishing a portion of the money to build the same, and the defendant Henry Schafer furnishing the balance. That between the 1st day of July, 1867, and the 24th day of August, 1868, the plaintiff and George P. Isham, and Henry P. Isham, who were partners in business, sold to the defendant Henry Schafer, goods, wares and merchandise to the amount of over $250, a part of which were used in the construction of said house; that afterwards an action in the Supreme Court was brought thereon by said plaintiff, George P. Isham and Henry P. Isham against the said Henry Schafer, and on the 13th day of November, 1868, a judgment was recovered in said action in favor of the plaintiff therein, against said defendant Henry Schafer, for the sum of $279.34; that on the 13th day of November, 1868, an execution was issued on said judgement to the sheriff of said county of Chautauqua, where the defendant therein resided, and on the 17th day of November, 1868, said execution was returned by said sheriff to the clerk of said county, with his return thereon, that he could find no property of the defendant to satisfy said execution or any part thereof, and that said judgment now remains wholly unpaid, and that said Henry Schafer has no property with which to pay the same. That before the commencement of this action the said George P. Isham and Henry P. Isham assigned their interests in the above described judgment to the plaintiff, Edwin Isham, who has since that time been the owner thereof. That the said Henry Schafer expended in the erection of said dwelling-house his own money to the amount of $500 and upwards, with the intent to put his property in the hands of said Eunice Schafer, and thereby hinder and defraud the plaintiffs in said judgment out of their lawful debts, and as to all of which the said Eunice Schafer had full knowledge. That said money was expended by said Henry Schafer as a gift to said Eunice Schafer, without any promise on her part

to pay therefor ; and with the intent, on her part, that it should be so covered by false pretenses that the plaintiffs in said judgment could not reach the same for the satisfaction of their said debt.

And as a conclusion of law, the referee found and directed that the said judgment be declared a lien upon the premises, and that said premises be sold to satisfy said lien ; and that the plaintiff recover his costs in this action against the defendants.

On the trial, before the referee, the defendants excepted to various decisions of the referee, upon the admission of evidence ; and at the close of the testimony, their counsel claimed and requested the referee to find that the plaintiff had failed to make out a cause of action in the following particulars : 1st. That the money proved to have been given to the defendant Eunice Schafer, by her husband, was delivered prior to the time of the indebtedness upon which the action against Henry Schafer was brought, and without any actual fraudulent intent on the part of either defendant, and was therefore valid. 2d. That whatever contracts Henry Schafer made, whether in his own name or in the name of his wife, for work and materials on the house, were the contracts of the wife, and she alone was liable therefor. The court refused so to decide and find, and the defendants' counsel excepted.

The defendants' counsel further insisted that the evidence failed to establish either of the following propositions, all of which the plaintiff must establish to make out a case :

1. That at the time of making the gifts to his wife the defendant was indebted to the plaintiff, or that such debt was in contemplation. 2. That by such gift the said defendant rendered himself insolvent, and thereby intended to defraud the plaintiff. 3. That the money given to the wife was the basis of the credit given to the husband, by the plaintiff. 4. That the defendant Eunice Schafer must

have known of her husband's indebtedness at the time of investing the money given to her in the erection of the dwelling-house.

The defendants excepted to the referee's findings of fact, and to his conclusions of law.

By the judgment entered upon the report, it was decreed and adjudged that the expenditure of money by Henry Schafer, in the erection of the dwelling-house, as a gift to said Eunice Schafer, was fraudulent and void as against the plaintiff. That by the said expenditure of money by him upon the lands of said Eunice Schafer, a trust resulted in favor of the plaintiff to the extent that might be necessary to satisfy the judgment in favor of the plaintiff and others against said Henry Schafer. And the said judgment was thereby decreed, adjudged and declared to be a lien upon the lands described. And it was further decreed and adjudged, that the said lands be sold to satisfy said lien; and that the plaintiff recover of the defendants his costs and disbursements, with an execution against the defendants for any deficiency occurring upon the sale of the property.

The defendant Eunice Schafer appealed from the judgment.

*N. H. Hill,* for the appellant.

I. The primary object of the action was to impeach the title of Eunice Schafer to her land, and subject it to the payment of the plaintiff's judgment, by showing that she held it by a fraudulent trust for her husband's benefit. This was the only issue. The cause was tried upon that theory; decided upon it; the judgment ordered to be made a lien, upon that theory. The respondent is not at liberty to change that for some other theory, now that the case has reached a court of review.

II. The action, in its primary object, which was to reach legal or leviable assets, viz., the land, was a failure, and

so found by the referee. There was not a particle of evidence to sustain the other allegations of fraud. The only other allegations were, 1st. That the money was expended in the form of a gift. This was not only not proved, but actually disproved by the respondent himself, by showing that an account was kept, which is inconsistent with the idea of a gift. 2d. The remaining allegation is that she denied all indebtedness. This is not only not proved, but so far as there was any evidence, disproved. She commenced building a house, the husband acting as her agent; there was no secret about it. She was therefore holden for whatever he might engage for the house. The plaintiff's debt was not for the house; nothing of his is shown to have entered into its construction.

III. There is no evidence that Henry Schafer meditated any fraud. So far as his labor was concerned, the plaintiff had no mortgage upon that, and there is no evidence that he ever expended a dollar in money, while he received several hundred from her. But even if we concede that Henry meditated a fraud, there is no evidence implicating her with any knowledge of his acts or intents, or knowledge that he owed or was contracting a dollar of indebtedness. The case of *Corning* v. *Lewis*, (36 *How. Pr.* 425,) would seem to be decisive upon that point. The cases principally relied upon by the plaintiff's counsel to entitle him to a recovery were, *Mattice* v. *Lillie*, (24 *How. Pr.* 265,) and *Colvin* v. *Currier*, (22 *Barb.* 371.) With all deference to the learned judges who pronounced those decisions, we submit that they go too far, to find any support, in so far as they assume to make the wife liable for a wrong in which she did not participate, upon the ground of the hardship of the case.

IV. The main and only proper issue in the cause having been found against the plaintiff, both defendants were entitled to a dismissal of the complaint, with costs. They had forced the defendant into court upon that issue, and

being defeated, are not at liberty to turn that defeat into a victory by taxing the whole expense against the defendants.

V. In any point of view, Eunice Schafer, the appellant, was entitled to a dismissal of the complaint, with costs. The only possible ground they can assume is that there was sufficient in their complaint to enable them to say it was framed with two aspects: 1st. To reach leviable or legal assets, viz., the land. 2d. Equitable or non-leviable assets, viz., any indebtedness from Eunice to Henry. But in answer to this we say: 1. That the referee having decided the first against the plaintiff, and found her title to the premises perfect, it left the complaint to stand, if at all, solely as an old fashioned judgment creditor's bill to reach non-leviable or equitable assets. The rules of court, 97, and the Code, specially reserve and continue the old statutes and practice relative to those cases. (*See* 2 *R. S.* 178, § 539.) Tested by these rules, there is nothing in the complaint to sustain such a judgment creditor's bill. No allegations of indebtednss or property to the amount of $100 or more. It states that what Eunice received was by way of gift; denies indebtedness; but nowhere sets out any property or indebtedness from Eunice to Henry. The rule of law that a gift from husband to wife may be void and a trust result in favor of creditors, does not help the pleading, because such gifts are not *ipso facto* void, but only made so by pleadings and proof, each case depending upon its peculiar circumstances. 2d. There was no evidence to sustain the allegations of the complaint, of a pretended gift and denial of indebtedness, or any actual or meditated fraud; and if it be assumed that upon a fair settlement of accounts between Henry and Eunice, she would be found somewhat indebted to him, *non constat* she was ready to pay. 3. But the amount of that indebtedness cannot be determined in this way. There is no issue between Henry and Eunice in the case, by which the amount due from her to him can be tried and fixed—and

this is what she has a right to litigate—not only the fact, but the amount of indebtedness. Her exceptions to the evidence bearing upon that point were well taken. If the plaintiff wished to litigate that point he should have taken a receiver. She might have paid the receiver without suit or costs; might have made an offer for judgment and saved costs, under the Code. Even if the receiver had sued, recovered a judgment and sold the land, she would have had twelve months to redeem. All these are cut off by the irregular mode of proceeding. Besides, there is nothing fixed by the judgment; nothing to prevent all of Henry's creditors from obtaining personal judgment against her upon the same grounds. He finds Henry expended " upwards of $500 on the house." How far does " upwards" extend, and what are its limits ?.

VI. The judgment is unwarranted by law and the statute authorizing judgment creditor's bills. In this case the judgment is for satisfaction out of the property of Eunice Schafer, and a personal judgment against her for whatever may remain unpaid, after all her property is exhausted. The statute authorizes the court "to decree satisfaction of the sum remaining due on said judgment out of any personal property, money, or things in action belonging to the defendant, or held in trust for him, which shall be discovered by the proceedings in chancery."

VII. The whole proceedings are irregular and illegal. The plaintiff should not have taken any final judgment, even if he had discoverd property or any indebtedness in the hands of Eunice Schafer, but a receiver, and then, when the receiver had closed his trust and made his report, the plaintiff would have been entitled to a final decree for payment out of the fund in the hands of the receiver. (*See Van Santvoord's Eq. Pr. tit. Cred. Suits.*)

VIII. Eunice Schafer, the appellant, was, at the close of the trial, according to the finding of the referee, entitled to dismission of the action as to her, with costs, according

Isham *v.* Schafer.

to the well established rules and practice of the court in suits by judgment creditors. Had this been an ordinary creditor's action, to reach a debt due from Eunice Schafer to Henry Schafer, and she made a party to restrain her from paying to Henry, she might have appeared or not, and thus have saved costs. But in this case the plaintiff did not content himself with looking after what she might owe Henry, but attacked her title to her own property, and thus compelled her to employ counsel, come into court and defend; being defeated, she was entitled to costs. The judgment should have been a dismissal of the complaint as to Eunice Schafer, with costs, to be taxed, and judgment therefor against the plaintiff. If he was entitled to anything as against Henry Schafer, it would be a receiver, and costs to be paid out of the fund, and not a personal judgment; but if he did not discover $100, then Henry Schafer to have costs against him. (*See Barnum* v. *Farthing*, 40 *How. Pr.* 25.) Now she is entitled to the same judgment here that she was entitled to there.

*Walter W. Holt,* for the respondent.

I. A husband cannot make a gift to his wife at the expense of his creditors. The demands of justice are superior to the claims of affection. If a man indebted were allowed to divest himself of his property in favor of his wife, his creditors would be defrauded. The wife of the creditor has as strong a claim for protection at the hands of the court as the wife of the debtor can present. The referee was authorized to find fraudulent intent on the part of the husband.

II. Where a party receives a conveyance of land or other property from an insolvent without paying, securing or becoming bound to pay any consideration therefor, no further proof of knowledge or notice of the fraudulent intent of the grantor against his creditors is necessary to charge the grantee with complicity in the fraud; and even

subsequent, voluntary payment, by the grantee, of valid debts existing against the grantor, or the payment of some money subsequently to the grantor, will not create a presumption in favor of good faith. (*Wood* v. *Hunt*, 38 *Barb.* 309.) When there is no consideration, in fact, paid for the transfer of property, fraudulent intent on the part of the receiver of the property must be presumed. (*Newman* v. *Cordell*, 43 *Barb.* 457.) An antecedent creditor has the right to require of the person claiming under the voluntary conveyance, to rebut by evidence the presumption of fraud. (*Watson* v. *Le Row*, 6 *Barb.* 490.) If a party be indebted at the time of a voluntary settlement, it will be presumed to be fraudulent in respect to such debts. (*Seward* v. *Jackson*, 8 *Cowen*, 406. *Carpenter* v. *Roe*, 6 *Seld.* 230. *Babcock* v. *Eckler*, 24 *N. Y.* 623.) The relation and condition of the parties in this case, and the facts and circumstances of the transaction, warrant us in saying that there is an abundance of evidence to sustain the finding of the referee on the question of fraudulent intent.

III. When a party transfers property to his wife without consideration, with the intent to secure the benefit of it to himself and family in case of disaster in business, and for the purpose of casting the hazards of his business upon his creditors, such transfer is void as to all creditors both antecedent and future, for it is not bona fide—it is fraud in fact. (*Carpenter* v. *Roe*, 6 *Seld.* 227. *Case* v. *Phelps*, 39 *N. Y.* 164. *Savage* v. *Murphy*, 34 *id.* 508.) The referee had the right to say, upon the evidence, that the money was bestowed upon the wife with a view to both present and future debts, and with the existing intention, in case of disaster in business, of casting upon his creditors the burden of his losses. The silence of the defendants, when they had the opportunity of making explanation, is certainly to be taken as being strongly against them,

Isham *v.* Schafer.

even though it should not be regarded as a direct con-
fession of their actual fraudulent intent.

IV. It is a settled rule that a creditor has a claim upon
the estate of his debtor, and that he is entitled to a satis-
faction of his debt out of his debtor's property. It would
be dangerous and extraordinary if the rule should obtain
that he may incorporate his money into the estate of his
wife, and thereby place it beyond the reach of his cred-
itors. The same rule that would protect the wife in tak-
ing and holding $1000, would secure to her $100,000. If
there is no adequate remedy for the violation of this im-
portant right of creditors, then practically all that is
necessary to accomplish the grossest of frauds, is to have
the wife acquire the title to real estate, then let the husband
expend his money in some building or other improvement
upon her estate, and both husband and wife can set the
creditors of the husband at defiance. A more available
method for cultivating and encouraging dishonesty can-
not be contrived. There can be no doubt as to the right
of the creditor, and where a right exists, as in this case,
an anomaly in the law is found if there be no remedy—or
rather the rule sought to be applied in this case is not
law—it is revolution. Let it be established, and right is
no longer protected and wrong prevented, but on the con-
trary, fraud is encouraged and wrong is fortified.

V. A court of equity proceeds upon the principle that
whenever there is a right there ought to be a remedy,
either in that or some other tribunal. And when no
remedy exists elsewhere, to enforce the right, that court
will furnish such remedy whenever it is necessary to pre-
vent a total failure of justice, when the property in contro-
versy, or the person of the wrongdoer, is within the
jurisdiction of this court. (*Brown* v. *Brown*, 1 *Barb. Ch.*
217.) It is said because frauds and trusts are peculiarly
of chancery jurisdiction, consequently its powers ought
to be so exercised that no subtlety or cunning shall be.

able to prevent the detection of fraud or cause the failure of justice. It makes no. difference whether the property transferred consists of choses in action, money or stocks; the court can follow it into the hands of the trustees, and compel the relief which the case demands. (*Hadden* v. *Spader*, 20 *John.* 554.) This case has been followed ever since the decision was announced. There is no need of repeating authorities to show to what cases the rule has been applied. The return of the execution shows a failure of the remedy at law, in this case. The filing of the bill in equity after such return gives the plaintiff a specific lien on the equitable interests of the judgment debtor. (*Beck* v. *Burdett*, 1 *Paige*, 309. *Dunlevy* v. *Tallmadge*, 32 *N. Y.* 457.) This action was brought to create and enforce such lien.

*By the Court,* JOHNSON, J.   A new trial must be granted in this case, on account of the error of the referee, in admitting incompetent and improper evidence against the appellant. The books of account of one Bellows, who was deceased, containing an account consisting of debt and credit between Bellows and the appellant's husband, were offered for the purpose of proving that the husband of the appellant had paid Bellows for a quantity of stone which the latter had furnished for the house which the appellant had built on her premises. This evidence was objected to by the appellant as immaterial and inadmissible. The referee overruled the objection and received the books and the entries therein as evidence, and the appellant's counsel excepted. This was clearly incompetent evidence as against the appellant. It was an account between other parties, and could not be made evidence against her, upon any principle. The books, as the proof stood before the referee, could not have been made evidence against the appellant's husband even, upon an issue between him and the personal representatives of Bellows. Some of the entries were in the

Isham *v.* Schafer.

handwriting of Bellows, and some in the handwriting of some other person, but what other person did not appear. It is not enough, however, that it was an account to which the appellant was not a party, and could prove nothing against her, even if it could have been evidence against her husband.

As the judgment must be reversed and a new trial had, it may be important to see upon what principle the plaintiff is entitled to relief against the appellant, if he has any title to relief as against her. The plaintiff is a judgment creditor of the appellant's husband. He has issued his execution which has been returned wholly unsatisfied. He brings his action against the wife of his debtor, whom he impleads with the husband, to reach the property of his debtor, alleged to be in her hands. In his complaint he alleges, in substance, 1. That the husband paid the consideration or purchase price of the premises, and had them conveyed to the wife with intent to defraud his creditors. 2. That after the premises had been so conveyed to the wife, the husband expended a large sum of money in erecting a dwelling-house on said premises by way of gift to his wife, and to place his property thus in his wife's hands, beyond the reach of creditors and with intent to defraud his creditors, all with the knowledge and consent of the wife, the appellant.

The relief demanded is, that the conveyance to the wife may be declared void as against the husband's creditors, and the premises sold to satisfy the plaintiff's judgment; or that the appellant may be decreed to pay the judgment, and the judgment be declared a lien upon the premises, and the premises sold upon the judgment to satisfy the lien. The referee, upon the evidence, found against the plaintiff on the question of purchase and payment of the price by his judgment debtor, and his finding is conclusive upon that question, so far as this trial is concerned. On the other branch of the action, however, the referee found

that the judgment debtor had expended over $500 of *his own money* in building a house on the premises of the appellant, with the intent to put the same into the appellant's hands for the purpose of defrauding, and with the intent to defraud, his creditors, of which the appellant had knowledge. The referee therefore ordered a decree that the judgment be a lien on the appellant's premises, and that the same should be sold to satisfy such lien. If this last finding is justified by the evidence, the relief granted would be proper upon the merits. The law devotes all the property of a debtor, both real and personal, to the payment of his debts, and if a debtor, instead of paying his debts, uses his personal property upon the real estate of another, so that it becomes a part of such realty, for the purpose of defrauding his creditors, and preventing them from obtaining satisfaction of their demands out of his property, with the knowledge and consent of the owner of such realty, the judgment creditor may follow the property into the hands of the owner of the premises thus benefited, and fasten his judgment upon such premises, to the extent of the debtor's property therein. Such relief has been frequently granted, and I can see no objection to it, in principle. This, of course, is upon the assumption that no debt, express or implied, has been created between the judgment debtor and the owner of the real estate. If a debt has been created, the judgment would be fastened upon such debt, and the debtor of the judgment debtor would be decreed to pay the debt, to the judgment creditor. But where no debt has been created between the parties to the fraudulent transaction, and the personal property of the judgment debtor has merged in, and become part of, the real estate of another in this way, the appropriate, if not the only remedy is to fasten the judgment upon the real estate to the extent of the judgment debtor's property thus made part of the realty; and

Isham v. Schafer.

this, as I understand the complaint, is the case as stated here, in one aspect of it.

In every such case, however, it must appear that the debtor has contributed something in the nature of property to the real estate of another. Something which the creditor had the right to claim as property, and which could be appropriated and converted into money, by legal process, to satisfy a debt or demand. If it was something else, for instance, the mere labor, or skill, of the debtor gratuitously bestowed, no such relief could be had on account of it. The law gives the creditor a lien and claim upon the property of his debtor—upon the fruits of his labor and skill, when received or earned—but no lien or claim upon his capacity to labor, or upon his skill and ingenuity. His labor and his skill, upon which a creditor has no lien, or claim of any kind, the debtor may, if he sees fit, give away to another, and the creditor can have no remedy against the recipient, if it is in fact a mere gift. And so it has been held that a husband, who acts as agent for his wife, and oversees her affairs gratuitously, does not thereby render his wife liable to his creditors for what such services might be worth, if compensation were to be made. (*Buckley* v. *Wells*, 33 *N. Y.* 518, 523.) These observations are only important in view of the new trial, and of an apprehension arising from an examination of the evidence before the referee, that the distinction between the property of the judgment debtor as such, and his gratuitous services in his wife's favor, may not have been kept in view in the finding of the facts. The new trial is granted, however, solely on the ground of the erroneous ruling in the admission of improper evidence.

Judgment reversed and new trial ordered; costs to abide the event.

[Fourth Department, General Term, at Rochester, September 4, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]