## Noah Bond v. M. E. Hill and another.

S. died intestate, leaving a wife and several children. On the partition of his estate between his widow and children, the widow was assigned, among other things, a life estate in the homestead property, which, it seems, was the separate property of her deceased husband. She subsequently intermarried with the appellant, who moved upon and for some time occupied the property as his homestead, and placed valuable improvements thereon. *Held*, that on the death of their mother, the children of the first marriage were entitled to the property, but their stepfather was entitled to the value of the improvements he had placed thereon, he being regarded in the light of an improver in good faith.

Error from Colorado. Tried below before the Hon. Livingston Lindsay.

The head-note and opinion of the court sufficiently indicate the material facts of the case.

No briefs for either side have reached the hands of the reporter.

Walker, J. On the death of James C. Silvey, in 1847, his wife surviving him and leaving minor children, the homestead right vested in the wife, as the head of the family. She afterwards intermarrying with Noah Bond, the plaintiff in error, he became the head of the family, and, whether from convenience,

necessity, or whatever cause, the family thus constituted remained and occupied as a homestead the property formerly so occupied by Mrs. Bond, while Mrs. Silvey. It appears that they did so occupy and improve this property—Mrs. Hill, then a minor, and perhaps one or more other children, remaining in the family under the care and protection of her mother and step-father.

During the time the premises were thus occupied, Bond put valuable improvements upon the property, and now that Mrs. Bond has departed this life, and the heirs of Silvey are suing for, and by law appear entitled to, the property, the question presented for our consideration is, shall the defendants in error take the property, discharged of all encumbrance for improvements?

Under the somewhat unsettled condition of many questions growing out of the homestead right (and, indeed, these questions appear to multiply upon the courts, and are often very difficult of solution), Bond may have considered the homestead right of his wife as vesting in him, and indeed, the property, *sub modo*, as belonging to him; and we cannot hold him in the light of the ordinary tenant of a particular estate, who makes improvements to encumber the estate of the remainder man.

In Dorn *v.* Dunham, 24 Texas, 366, this court placed the right to recover for improvements, made by the holder of the life estate, upon the ground of good faith, and not to depend upon the question of title; and we think this has been the uniform holding of this court.

The principles of law and equity are so blended in our system that it is sometimes difficult for courts to reach the right disposition of causes, and yet there is a greater latitude allowed to the courts than where the two systems are kept separate. The rigid rule of the common law, that a tenant for life may not encumber the estate of the remainder men, for improvements, if this were a case in which it must be applied, would, we think, do him injustice. The estate is undoubtedly

rendered more valuable to the heirs of James E. Silvey than it would be without the improvements, and what right have they in conscience to claim that their step-father should lose the money he has invested for their benefit? It may be true that these improvements were made during the minority of the appellees, and that they had no voice in them. But perhaps there may be something said on the other side. Were they of note in a court of equity? for it would seem, from the evidence of this case, that the appellant, during a portion of their minority, stood in the position of a kind and indulgent parent, doing for them whatever his more matured judgment considered just and right.

We are clearly of the opinion that Bond, the plaintiff in error, has acted in good faith, and that he is entitled, upon every just principle of law and equity, to reasonable compensation for his improvements. The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.