J. W. MADDOX ET AL. v. R. L. SUMMERLIN ET AL.

No. 756. Decided February 27, April 3, 1899.

92 483
92 587

**1. Judgment—Payment—Burden of Proof.**

In a suit to subject certain property to the payment of a judgment in favor of plaintiff. rendered less than ten years before and with execution issued thereon within a year from its rendition, such judgment will be presumed to be in force, and parties who claim a defense on the ground that it has been paid must establish that fact. (P. 485.)

**2. Judgment—Collateral Attack—Fraud.**

In a suit to subject property to the payment of a judgment, a plea that plaintiff was concluded by previous judgments of another court holding the property not liable was met by supplemental petition alleging the invalidity of the judgments so pleaded because obtained by false swearing. Held, that the attack was collateral, and the judgment could not be so impeached. (Pp. 485, 486.)

**3. Deed of Gift—Statute of Frauds—Insolvency—Burden of Proof.**

By Revised Statutes, article 2545, a conveyance not upon a valuable consideration is made prima facie void as to prior creditors, and one claiming under it has the burden of proving that the grantor possessed property within the State, subject to execution, sufficient to pay his existing debts. (P. 486.)

**4. Community Property—Improvements on Wife's Land.**

The separate real property of the wife on which the husband has placed improvements paid for with his own or community funds can not be sold at the suit of a creditor of the husband unless the improvements were made with intent to defraud creditors, and the wife, knowing of such intent, participated in the fraud. (Pp. 486, 487.)

**5. Same.**

A house built upon land which is the separate property of the wife and paid for with funds of the community does not become her separate property, but remains a part of the community estate and is liable to sale for the husband's debts. (P. 487.)

ON MOTION FOR REHEARING.

**6. Judgment—Pleading—Evidence.**

A judgment can not be sustained on appeal upon the ground that the result is shown to be correct by evidence upon an issue not raised by the pleadings. (P. 488.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Maddox et al. brought suit against Summerlin and wife and appealed from a judgment for defendants, and on affirmance obtained writ of error.

*James Raley,* for plaintiffs in error.—The court erred in holding that it was necessary in order to maintain plaintiff's action that they should prove that the judgment against R. L. Summerlin introduced in evidence, was still unpaid, because there was no plea of payment and it was matter of defense. Rev. Stats., arts. 1266, 2545; 13 Texas, 44; 1 Rice on Ev., 66, 98; 90 Texas, 229; Wait on Fraud. Conv., art. 87; Bump on Fraud. Conv., arts. 254, 540, 585; 1 Whart. on Ev., 834; 27 Fed. Rep., 845.

The court erred in sustaining defendant's exceptions to the supplemental petition of plaintiff, because if the judgments set up in the answer of defendants were obtained by false swearing on the part of said defendants, then the whole matter should be reinvestigated in this suit, that it may be ascertained where Mrs. Summerlin's $10,000 are really invested, and where the community money. 67 Texas, 669; 1 Black on Judg., sec. 323; 20 Texas, 581; 67 Texas, 381; 1 Texas Civ. App., 250; 7 Texas, 534; 39 Texas, 135; 50 Texas, 423; 5 Texas, 536; 65 Texas, 205; 2 Texas Civ. App., 384.

*J. H. Clark, F. J. Wise, Ed Haltom,* and *W. W. Walling,* for defendants in error.—Before a judgment obtained by alleged false testimony will be inquired into by a court of equity, it must appear that, in addition to the judgment having been obtained by the successful party by false testimony, the unsuccessful party was prevented from presenting all of his case. McMurray v. McMurray, 67 Texas, 669.

This court will observe that by both the record and brief it is evident that appellee R. L. Summerlin is honestly indebted to his wife Elizabeth Summerlin in the sum of $4000, being the amount of her separate money used by him. That he had a right to prefer her, as a bona fide creditor, to appellants, is too plain and ancient for argument. Smith v. Whitfield, 2 S. W. Rep., 822; Truitt v. Curd, 16 S. W. Rep., 364. Had he not built this house on her property, but upon his own land, she could have attached it for the debt admitted to be due her. Martin Brown Co. v. Perrill, 13 S. W. Rep., 975. He need not have promised to repay his wife her separate funds, used by him, his promise to repay her being presumed. Richardson v. Hutchins, 3 S. W. Rep., 280.

BROWN, Associate Justice.—This suit was instituted by the plaintiffs in error against R. L. Summerlin and his wife, on July 30, 1897, to subject a certain lot, with others, in the city of San Antonio to the payment of a judgment rendered in favor of the plaintiffs in error against R. L. Summerlin and others. The lot was the separate property of Mrs. Summerlin, and upon it was erected a house alleged to have been built by R. L. Summerlin with money which belonged to the community estate of himself and wife. The plaintiffs sought to subject to the payment of their debt the value of the improvements so made with the community funds.

The original petition embraces a number of lots, but the defendants pleaded res judicata as to all the pieces of property except the one hereinafter mentioned. To this plea the appellants replied by supplemental petition, setting up that the judgments pleaded by the defendants were obtained by false swearing of the said defendants and were therefore void. The court sustained exceptions to the supplemental petition, and upon a trial the court instructed the jury to find and return a verdict in favor of the defendants.

The Court of Civil Appeals found in substance the following facts:

The lot in question consists of a strip of land in the city of San Antonio with a front of 150 feet on South Flores Street, running back 300 feet to San Pedro Creek, being a part of the Vander Hoeven homestead inherited by Mrs. Summerlin from her father. On the 6th day of December, 1892, the appellants, J. W. Maddox and T. L. Wren, recovered a judgment in the District Court of Bexar County against George W. Angle, R. H. McCracken, R. L. Summerlin, and Joe Maddox for the sum of $3596.99. Execution was issued upon the judgment April 3, 1893, and was returned the same day endorsed, "No property found." The indebtedness for which the judgment above described was rendered originated on the 21st day of May, 1885.

R. L. Summerlin and his wife were married on the 23d day of June, 1886, and in 1888 and 1889, while they were husband and wife, a two-story frame house was built upon the strip of ground and paid for by R. L. Summerlin with money acquired by him during his marriage. The sum paid was $2700, and was intended by him as a gift to his wife. The building is still standing on the ground, and has enhanced the value of the premises to the extent of its cost.

It does not appear from the evidence that R. L. Summerlin was, when the money was expended in the construction of the building, insolvent, or that he invested said money in improvements upon the property with the intention of hindering or delaying his creditors. There is no evidence in the record with regard to the solvency or insolvency of Summerlin's codefendants in the judgment, either before or after the judgment was rendered.

The other property involved in the suit was the same involved in other suits wherein the issues tried involved the same issues sought again to be raised by appellants in this cause and were adjudged in said suits in favor of the defendants.

The Court of Civil Appeals held that there was no evidence upon which to submit this case to the jury, because the plaintiffs did not prove that the judgment was then unpaid. It will be observed that the judgment was recovered in December, 1892, and this suit was instituted in the year 1897. Within one year from the rendition of the judgment, an execution was issued and returned, "No property found." By article 2326a of the Revised Statutes of this State, a judgment upon which an execution has been issued within one year continues in force for ten years, and at any time during that period another execution might be issued and the judgment enforced without being revived. Under the facts of this case, the judgment would be presumed to be in force and the parties who claim a defense against it on the ground that it had been paid must establish that fact. 2 Greenl. on Ev., sec. 516.

It is contended in this court that the District Court erred in sustaining exceptions to the supplemental petition setting up the invalidity of the judgments alleged to have been procured by false swearing. This is to be deemed a collateral attack upon those judgments, since it does not appear that either of them was rendered in the court in which this

suit was pending, and although they may have been procured by fraud, it is the policy of the law not to permit judgments to be attacked in such a proceeding as this upon that ground. Black on Judg., sec. 296; Van Fleet's Col. Attack, sec. 550; Dilling v. Murray, 6 Ind., 324; Buchanan v. Bilger, 64 Texas, 589; Fleming v. Seeligson, 57 Texas, 531; Crawford v. McDonald, 88 Texas, 626; Clayton v. Hurt, 88 Texas, 595; Williams v. Haynes, 77 Texas, 283.

The case of McMurray v. McMurray, 67 Texas, 669, cited by the plaintiff in error, was a direct proceeding to set aside a judgment obtained by fraud and does not sustain the contention of the plaintiff in error, but, in its reasoning, fully sustains the proposition above stated.

When the record does not disclose want of jurisdiction in the court, every issue properly involved in a cause must be held to be conclusively settled by the judgment until it is set aside by a proper proceeding instituted for that purpose. Crawford v. McDonald, supra. ·

Article 2545 of the Revised Statutes contains this language: "Every gift, conveyance, assignment, transfer, or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts."

The Court of Civil Appeals found that Summerlin intended to make a gift to his wife of the money invested in the house built upon her land. Accepting this finding of fact, the proposition announced by the Court of Civil Appeals, that the burden of proof was upon the plaintiff to establish the insolvency of Summerlin in order to subject property given to his wife, is in conflict with the above article of the statute. As to pre-existing debts, the gift was, by the statute, prima facie void and the property subject to the payment of such debts of Summerlin unless the donee should make it appear that he was, at the time the gift was made, "possessed of property within this State, subject to execution, sufficient to pay his existing debts." The terms of the statute are so plain that it is not necessary to add argument to enforce it.

The Court of Civil Appeals erred upon both propositions, and the judgment must be reversed unless the facts are such that no other judgment could be rendered in the case.

Could the District Court grant any relief to the plaintiff in error upon the facts of this case? This question has never been decided in this court. Counsel for the plaintiff in error cites 59 Texas, 612, as authority for an affirmative answer, but the case reported in the volume at the page cited does not bear upon this question, nor have we been able to find such case in our reports.

There is great diversity of opinion upon the question among courts of other States. The following cases hold that when a husband improves his wife's separate property by the use of his own funds, his creditors may, by resort to a court of equity, cause the land to be sold, including the improvements, and apportion the proceeds between the

creditors and the wife. Kirby v. Bruns, 45 Mo., 234; Lynde v. Mc-Gregor, 95 Mass., 184; Humphrey v. Spencer, 36 W. Va., 11. On the other hand, a greater number of courts equally as able hold that the land will not be subjected to sale at the suit of a creditor unless the husband·placed the improvements thereon with intent to defraud his creditors, and the wife, knowing of such intent, participated in its accomplishment. Blair v. Smith, 114 Ind., 114; Heck v. Fisher, 78 Ky., 643; Isham v. Schafer, 60 Barb., 317; Robinson v. Huffman, 15 B. Mon., 80; Corning v. Fowler, 24 Iowa, 584; Webster v. Hildreth, 33 Vt., 457; Barto's Appeal, 55 Pa. St., 386; Peck v. Brummagim, 31 Cal., 440; Hughes v. Peters, 1 Coldw., 67; Kelly v. Robertson, 10 La. Ann., 309.

We conclude that the land of the wife can not be sold at the suit of the creditor unless the facts shall show that the husband made the improvements with his own or the community funds with intent to defraud his creditors, and that the wife, knowing of such intent, participated in the fraud.

What may be the proper remedy to accord to the plaintiff will depend upon the development of the case on another trial, and we refrain from making any suggestions, except to say that the house, when constructed upon the separate property of the wife, if paid for with community funds, did not become her separate property, but remained a part of the community estate, as was the money with which it was built, and being community property, it is liable, if otherwise subject to sale, to the debts of the husband.

If the husband intended the house as a gift to the wife, it was void as to existing creditors and is subject to their debts as if not given to her, unless she shows that when the gift was made he had enough property remaining to pay all of his existing debts. The law will not presume it to be a gift in the absence of evidence to show such intention.

We are not prepared to say that a court of equity can not so adjust the interests of the parties as to fully protect the wife's title to the land and all the benefits derived from it and at the same time give to the creditors the benefit of the property which ought to be applied to the payment of their debts.

The judgments of the District Court and the Court of Civil Appeals are reversed and this cause is remanded to the District Court for another trial.

*Reversed and remanded.*

Opinion delivered February 27, 1899.

ON MOTION FOR REHEARING.

BROWN, Associate Justice.—Defendants did not plead that R. L. Summerlin at the time of the institution of the suit, was indebted to his wife in any sum and ask protection for her as a creditor. Whatever might be the effect of the evidence under proper allegations, it can not support the judgment of the court upon an issue not made by the pleadings.

The motion for rehearing is overruled.

*Overruled.*

Opinion delivered April 3, 1899.