### HAMMOND v. KNIGHT. (No. 2933.)

(Court of Civil Appeals of Texas. Texarkana. May 27, 1924. Rehearing Denied May 29, 1924.)

**I. Waters and water courses ☞126(3)—Judgment for injunction construed, and held in part, unauthorized by complaint.**

Relative to claim that part of injunction provided for by judgment was unauthorized by complaint, *held*, that it did not require defendant to keep a ditch open, but only to remove levee constructed across it, and thereafter not to place any obstructions across it.

**2. Waters and water courses ☞126(3)—Part of injunction held unauthorized by complaint.**

Complaint not alleging facts showing interference by defendant with levees constructed by plaintiff on his land, and not seeking injunction restraining any such interference, judgment, so far as granting it, is unauthorized.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Action by T. I. Knight against J. C. Hammond. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

B. F. Crosby and Harrell & Starnes, all of Greenville, for appellant.

Clark & Sweeton, of Greenville, for appellee.

WILLSON, C. J. Appellee, who was the plaintiff in the court below, alleged in his petition that he owned a tract of 100 acres, that appellant, who was the defendant in the court below, owned a tract of 80 acres, and that one Horn owned a tract of 40 acres, of land in Hunt county; that Horn's 40 acres lay west of and adjoining appellant's 80 acres, and that both Horn's 40 acres and appellant's 80 acres lay south of and adjoining his 100 acres. Appellee alleged, further, that the natural flow of water falling upon his land was southward to "a natural drain consisting of a ravine," which began "near the center of Horn's land" and ran thence eastward through appellant's land to the east boundary thereof. He alleged, further, that appellant, "in violation of the laws of this state, interfered with the natural flow of said water and changed its course," by constructing a levee "on the west boundary of his land from a point south of said ravine to the north boundary" thereof, and "a ditch across the boundary of his land" and upon appellee's land, extending from appellant's northwest corner "to a point 300 or 400 yards eastward," where he "constructed a levee across the channel of said ravine." Appellee then alleged that the effect of the ditch and levees was to change "the natural course of the surface water falling upon his land, upon the defendant's (appellant's) land and upon the land of said Horn in such a way that the entire flow of such water" was upon his 100-acre tract. He then alleged that his land had been damaged in the sum of $200 by surface water so diverted, and that he would "suffer irreparable damages, for which he had no adequate remedy at law," if appellant was "permitted to continue to maintain" the levees and ditch. His prayer was for damages, and "for," quoting, "mandatory injunction requiring the defendant to tear down said levee and to fill up said ditch, and to restore the premises as they formerly existed, and for a permanent injunction prohibiting the defendant from maintaining said levee and ditch, and for general and special relief."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In his answer to appellee's petition appellant alleged that the levees and ditch appellee complained of were entirely on his (appellant's) land, and he denied that they had the effect to divert water which would naturally flow elsewhere on to appellee's land. He alleged, further, that appellee had so constructed levees on his 100 acres as to divert water which would have flowed elsewhere on to his (appellant's) land, thereby damaging it in the sum of $275. He prayed for judgment for his damages, and for a mandatory injunction requiring appellee to tear down and remove levees he constructed as charged.

On special issues submitted to them the jury found that levees constructed by appellee did not divert water to appellant's land, so as to damage it, as charged by him in his answer. They further found that water was not diverted to appellee's land, so as to injure it by either the levee on the west boundary line of appellant's land, the levee constructed by appellant "east 'of a' pecan tree on the north side of his land," or the ditch between appellant's and appellee's land. But they found that the levee constructed by appellant "east [quoting] of a pecan tree on the north side of his land, the same being the levee constructed by the defendant after the plaintiff constructed his levee at or near said point," did "divert the natural flow of surface water and cause the same to flow upon the land of plaintiff in such a way as to damage him."

It was on the finding of the jury last referred to "and the evidence in the case" that the court below concluded, and rendered judgment accordingly, that appellee was entitled to an injunction requiring appellant to cut and remove the levee across the "ditch [quoting] east of a pecan tree on the north side of the defendant's land," and restraining him from "placing [quoting further] any obstruction of any character in or across said ditch, so that the natural flow of the surface water will be in any way impeded or interfered with," and from "cutting or otherwise interfering with levees and terraces on plaintiff's farm."

[1, 2] Appellant's contention here is presented in a proposition in his brief as follows:

"Appellee having pleaded a cause of action based upon allegations of fact showing that a levee on the west of appellee's land and a ditch between appellant's and appellee's land diverted the natural flow of surface water in such a way as to damage appellee, and praying for a mandatory injunction requiring appellant to tear down said levee and fill up said ditch and to restore the premises as they formerly existed, and for an injunction prohibiting the appellant from maintaining said levee and ditch, was not entitled to a judgment for a mandatory injunction commanding appellant to keep open said ditch and refrain from interfering with levees constructed by appellee."

It will be observed that the complaint is that the relief awarded appellee was not warranted, so far as it was for an injunction commanding appellant "to keep open said ditch and refrain from interfering with levees constructed by appellee." We think a sufficient answer to the part of the complaint which refers to the ditch is the fact that the injunction provided for in the judgment does not require appellant to keep the ditch open, but only to remove the levee he constructed across it, and thereafter not to place obstructions of any character across it. But we think the contention, so far as it is that the pleadings did not warrant the judgment in the other respect complained of, should be sustained. Appellee did not allege facts showing an interference by appellant, actual or threatened, with levees constructed by him (appellee) on his own land, and did not seek an injunction restraining appellant from such interference. Burks v. Burks (Tex. Civ. App.) 141 S. W. 337; Maddox v. Summerlin, 92 Tex. 483, 50 S. W. 567, 49 S. W. 1033.

The judgment will be so reformed as to eliminate the unwarranted provision referred to, and, as so reformed, will be affirmed.

### On Appellant's Motion for Rehearing.

The testimony in the case was with reference to a map or plat on which the levees and embankments in question were indicated by "little red dotted lines," according to the witness Hicks. No such map was sent to this court with the record. As the testimony apart from the map to which it referred was not understandable, we were unable when we first considered the record to reach an entirely satisfactory conclusion as to the merits of the controversy between the parties; and for the same reason we are unable now to determine satisfactorily, from the record, whether the disposition made of the appeal was erroneous as claimed by appellant or not.

There is a map with the statement of facts, but it has no "little red dotted lines" on it, evidently is not the map with reference to which the witnesses testified, and because of the absence of marks or anything on it identifying parts the witnesses had reference to is of no help to an understanding of the testimony.

The motion is overruled.