## KYLE v. KYLE.
### No. 7780.

Court of Civil Appeals of Texas. Austin.
Dec. 21, 1932.

T. C. Johnson, Jr., of San Marcos, for appellant.

R. E. McKie, of San Marcos, for appellee.

886

**BAUGH, J.**

Appeal is from a judgment awarding appellee a divorce from appellant on grounds of cruel treatment, adjusting their respective property rights, and for attorney's fees. Pertinent facts will be given in the discussion of the issues presented.

■ Appellant's first two propositions are predicated upon exceptions to plaintiff's allegations of cruel treatment on the ground that such allegations are insufficient. While designated as special exceptions, they in effect amount only to general demurrers, attacking such allegations on the ground that the acts of cruelty relied upon are not sufficiently specific as to time and place of occurrence, but were mere generalities and conclusions of the pleader. Appellant cites and relies particularly upon the cases of Bloch v. Bloch (Tex. Civ. App.) 190 S. W. 528, and Claunch v. Claunch (Tex. Civ. App.) 203 S. W. 930, and cases there discussed. Those decisions, however, are based in large measure, if not altogether, upon the court's conclusions that cruel treatment, abuses, and excesses enumerated in subdivision 1, art. 4629, R. S. 1925, are not sufficient to sustain a decree of divorce unless it is alleged that they impaired the health of the complaining party. That line of decisions, however, was definitely overruled by the Supreme Court in McCullough v. McCullough, 120 Tex. 209, 36 S.W.(2d) 459, wherein a much broader rule as to sufficiency of such pleadings is laid down. In volume 15, p. 469, of Tex. Jur., cited by appellant, it is stated: "The petition may, however, properly include general charges of cruelty, followed by allegations of one or more specific acts which may or may not be included in the general charge."

In the instant case the plaintiff alleged a general course of drunkenness, abuse, threats, and physical violence, continuing over a number of years, and culminating in specific acts on November 23, 1930, at their home, at which time she left him, and had not lived with him since. And, in submitting to the jury the issue of cruelty as a ground for the divorce, it was confined to the acts of the defendant, appellant here, which transpired on that date.

Since, however, we have concluded that the case must be reversed upon other grounds, this issue becomes immaterial, as the pleadings in this respect can be amended upon another trial.

The next contention of appellant relates to the one special issue submitted to the jury. This issue, together with the court's instruction in connection with same, was as follows:

"Do you find from the preponderance of evidence that on November 23rd, 1930 (the day on which plaintiff and defendant separated) that the defendant Columbus Kyle was guilty of cruel treatment, if any, toward plaintiff Anna Kyle to such an extent as to render their further living together as husband and wife insupportable? Answer yes or no.

"In connection with the foregoing issue, you are instructed that you may take into consideration the previous conduct of defendant Columbus Kyle toward plaintiff Anna Kyle in arriving at your answer to such question."

Appellant objected to the submission of this issue in the form presented on the ground that it presented a mixed question of law and fact; and that it did not require a finding of fact as to the specific acts of cruelty alleged.

■ We do not sustain this contention. The rule that the trial court should not submit to the jury a mixed question of law and fact is well established. Whether or not the facts of cruelty alleged, if taken as true, constituted sufficient grounds for divorce within the meaning of the statute, was a question of law for the court. The trial court, however, passed upon that question adversely to appellant when he overruled appellant's demurrer to the petition. And, if it be admitted that the issue as submitted was duplicitous and required the jury to find (a) that the acts of cruelty alleged were in fact committed, and (b) that they constituted such cruelty as rendered their further living together insupportable, appellant could not have been injured, since the issue as submitted merely imposed upon the petitioner a heavier burden of proof than the law required; that is, that they must find affirmatively on both issues in order to answer the question "yes." The question of whether the acts of cruelty, if proven, rendered their further living together insupportable, was also, one of fact and not one of law. Caywood v. Caywood (Tex. Civ. App.) 290 S. W. 889; Arendale v. Arendale (Tex. Civ. App.) 22 S. W.(2d) 1080. The form and manner of its submission could not therefore in our opinion have injured the appellant. If it had related to defenses made involving separate issues on which defendant was entitled to separate findings, a different question would be presented. See Speer's Law of Special Issues, p. 241.

■ We sustain appellant's contention that it was error for the trial court to refuse to define to the jury the meaning of the term "insupportable." Nor was there any definition of the term "cruel treatment" as that is used in the statute. No objection to that, however, is presented. What is meant by the term "insupportable" as used in the statute was declared as early as Byrne v. Byrne, 3 Tex. 340, to be a question of law. See, also, Bobbitt v. Bobbitt (Tex. Civ. App.) 291 S. W. 964; Arendale v. Arendale, supra; 15 Tex. Jur., 451, 457, 478.

█ It was not error, however, for the trial court to instruct the jury that they might, in answering the question submitted, take into consideration the previous conduct of appellant toward appellee. While it would have been better to have limited the jury to the acts of cruelty alleged in the petition, we find no contention that any evidence was admitted relative to acts of cruelty which were not pleaded, so the jury must have confined themselves to the evidence on the acts pleaded. In passing upon the sufficiency of the particular acts alleged as authorizing a dissolution of the bonds of matrimony, the decisions are uniform in holding that previous acts of cruelty may be considered in conjunction with the specific acts alleged and their effect upon the complaining party. Nogees v. Nogees, 7 Tex. 538, 58 Am. Dec. 78; Arendale v. Arendale, supra; and cases there cited.

██ Appellant's ninth assignment of error presented as a proposition reads as follows: "It was error for the trial court to decree the house built on appellee's lot as community property and award appellant a half interest therein, rather than to decree same appellee's separate property and allow appellant recovery by way of reimbursement for one-half of the community funds used in the purchase and improvement of such lot."

Appellee inherited a part interest in the property, being one-half of a lot in the town of San Marcos, the remaining interest being conveyed to her by her brothers and sisters about four years after her marriage to appellant, in consideration of love and affection, payment of taxes on said property, and the discharge of a note and lien against it. Subsequently, a house was built upon the premises out of what the court found to be community funds. The court adjudged appellant to be the owner of a one-half interest in the house; that its value was $225; awarded all of the property to the appellee, subject to a lien in favor of appellant for $112.50. The evidence shows that much more than $225 of community funds was spent in placing the improvements on the property. The question presented, therefore, is whether appellant was entitled only to a one-half interest in the present value of the improvements, or to recover one-half of the community funds put into such improvements.

We have concluded that the trial court's judgment in this respect is erroneous. Some of the courts have, in discussing the relative interests of the community estate and the separate estate of one of the spouses in such cases, used language to the effect that the community estate becomes an owner of the property to the extent of the community funds invested. These cases, however, when carefully analyzed, present no conflict with what we think is now the well-established general rule of decision; that is, that the community does not, by expending community funds in placing improvements on lands belonging to one of the spouses which become permanent fixtures, thereby become the owner of any part of the title to the realty; but that the spouse, whose separate estate it is, upon a dissolution of the marriage by divorce, is merely a debtor to the community to the extent of one-half of the community funds so expended. The ownership and title to the realty remains vested wholly in such spouse, subject to reimbursement to the community for one-half of the amount of community funds spent in improving it. This seems to be the uniform rule of decision. Rice v. Rice, 21 Tex. 58; Furrh v. Winston, 66 Tex. 527, 1 S. W. 527; Schmidt v. Huppmann, 73 Tex. 116, 11 S. W. 175; Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567; Stoppelberg v. Stoppelberg (Tex. Civ. App.) 222 S. W. 587; Barber v. Barber (Tex. Civ. App.) 223 S. W. 866, 867; Jackson v. Jackson (Tex. Civ. App.) 283 S. W. 923. The relationship, therefore, being merely that of creditor and debtor, the value of the property at the time of the dissolution would be immaterial. The property was only security for such debt, and, so long as it is used as a homestead by appellee, no lien can be foreclosed against it. See Barber v. Barber, supra.

The same rule would likewise apply to whatever balance of the purchase price recited in the deed that was paid on said property out of community funds. Cervantes v. Cervantes (Tex. Civ. App.) 76 S. W. 790. Neither the court nor the jury made any findings as to the amount of such community funds expended upon appellee's separate property, and there is sufficient conflict, we think, in the evidence to make that an issuable fact.

The judgment of the trial court, for the errors pointed out, must be reversed and the cause remanded.

Reversed and remanded.