LIPSCOMB, J.
The only ground for relief in the petition for an injunction grows out of the Iev3r upon tlie slave pointed out to the sheriff by appellants’ intestate. If the levy had been valid and was on property sufficient to satisfy the execution so far as the defendant in the execution was concerned, it would' have been satisfaction; but if the defendant had failed to make a levy and his neglect had been prejudicial to the rights of the defendant in the execution, it would have been no matter of concern to the plaintiff in the execution: it would have been no satisfaction of the execution; but it would have been a matter to be adjusted between the defendant and the sheriff. The levy was quashed and the defendant in the execution appealed to this court. Pending the appeal this injunction was obtained. -And it seems to have been intended by the court, that it should only operate during tlie pending of the appeal on the judgment quashing tlie return of tlie levy upon the negro. “ On the man“date of the Supreme Court,” showing an affirmance of the judgment, tlie court might and ought to have dissolved the injunction and dismissed the petition; because, the only question that afforded any pretext of .equity in it-had been decided by the Supreme Court adversely to the petitioners. But, on the claim of a jury trial by the appellants it was awarded to them ; and then the court charged tlie jury that tlie matter relating to tlie levy of the execution had been settled by the Supreme Court; and that it was not before them. In tiffs there was no error. It ought to have been settled without the intervention of a jury, because no question of fact was presented; yet, as it resulted in tlie same, tlie verdict being for tlie defendant, and the judgment followed, it Is only an irregularity that can surely afford no cause of complaint to the appellant. The judgment is affirmed.