## HARTMAN v. CHUMLEY.   (No. 112.)

(Court of Civil Appeals of Texas.   Waco.
Nov. 20, 1924.)

**1. Divorce ⊚⇒168—Decree not subject to .collateral attack.**

Judgment adjudicating wife's right to divorce on grounds alleged in her petition precludes re-examination into truth of such matters by either party on collateral attack, as in wife's suit against husband for necessaries furnished minor child.

**2. Divorce ⊚⇒171—Wife held not estopped by judgment granting divorce from asserting husband's fatherhood and liability for support of child born after divorce.**

Wife alleging in petition for divorce that there would be no issue of marriage, *held* not estopped by judgment granting her divorce from asserting, in her subsequent action against husband for necessaries furnished minor child born after divorce, that defendant was its father or liable for its support.

**3. Estoppel ⊚⇒52—Proof necessary to authorize finding of "equitable estoppel" stated.**

To authorize finding of "equitable estoppel" by conduct, there must be proof of false representation or concealment of material' facts known to party making representation and unknown to other, with intent that latter should act thereon, and that he was induced to act on it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estoppel in pais.]

**4. Divorce ⊚⇒317—Power to restore wife's maiden name not restricted to cases where there are or will be no children of marriage.**

Court's power to restore maiden name to wife granted divorce is not restricted to cases where there are or will be no children of marriage.

**5. Estoppel ⊚⇒3(2)—Wife alleging in petition for divorce that there would be no issue, held not estopped from asserting defendant's fatherhood and liability for support of child born after divorce.**

Wife granted divorce without contest *held* not estopped, by allegation in her petition that there would be no issue of marriage, from asserting defendant's fatherhood and liability for support of child born after divorce, in absence of evidence that she was not honestly mistaken or culpably negligent in so believing, or knowing she was ignorant of her condition, professed knowledge thereof to induce defendant to act thereon.

**6. Trial ⊚⇒140(2)—Defendant's credibility as witness and weight of his testimony for trial court.**

Defendant, being party to and interested in result of suit, his credibility as witness and weight of his testimony was for trial court, which could disregard it, though not contradicted.

**7. Appeal and error ⊚⇒931(3)—Every issuable fact considered found for appellee in absence of findings of fact or law.**

No findings of fact or law having been filed nor requested by appellant, in case heard before court, every issuable fact must be considered as found in appellee's favor, if any evidence supports such findings.

**8. Appeal and error ⊚⇒931(1)—Evidence viewed in light most favorable to finding in passing on sufficiency to sustain latter.**

In passing on sufficiency of evidence to sustain findings, it must be viewed in light most favorable thereto, rejecting all evidence favorable to opposite contention, and considering only facts and circumstances tending to sustain finding.

**9. Divorce ⊚⇒323—Father not absolved from duty to support child by divorce from mother.**

Duty of parents to support their offspring rests primarily on father, who is not absolved nor discharged therefrom because divorced from mother or latter has exclusive custody and control of child.

**10. Parent and child ⊚⇒3(1)—Child's right to father's support not affected by estoppel against mother.**

Child's right to support from its father cannot be affected by any kind of estoppel against its mother.

**11. Parent and child ⊚⇒3(3)—One supplying necessaries for support of child may sue father for reasonable value thereof.**

Father having failed to make or offer to make any provision for support of child, any one supplying latter with necessaries for such support may sue for reasonable value thereof.

**12. Parent and child ⊚⇒3(3)—Mother may recover from father for necessaries furnished child.**

In absence of equitable reason for relieving father of primary obligation to support child and imposing such obligation on mother, latter has same right as stranger to recover for necessaries supplied it for support.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by Ola Chumley against George Hartman.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Read, Lowrance & Bates, of Dallas, for appellant.

Currie McCutcheon, ·of Dallas, for appellee.

GALLAGHER, C. J.   This is an appeal from a judgment in favor of appellee, Mrs. Ola Chumley, against appellant, George Hartman, for the sum of $2,770 for necessaries furnished by appellee for the support and maintenance of the minor child of appellant and herself.   Appellant and appellee were married February 11, 1915.   They lived together as husband and wife until April 20, 1915.   On May 8, 1915, appellee filed her

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

suit for divorce on the ground of cruel treatment, and on June 17, 1915, the court granted her a divorce dissolving the bonds of matrimony theretofore existing between her and appellant. The child for whose support said judgment was recovered was born December 19, 1915, six months after the date of said divorce and eight months after the separation of its parents. Appellant does not complain of the amount of the judgment Neither does he complain of the procedure in the case, except as hereinafter shown. His sole contention is that appellee is estopped on equitable grounds to assert that he is the father of the child or that he is liable for its support. This contention is not based on any question of the actual paternity of the child. No such issue is even intimated either in the pleadings or the evidence. Neither does appellant deny that the father of a child is ordinarily legally liable for its support, though he is divorced from its mother, and though such child is under the exclusive custody and control of its mother. The contention seems to be based solely on the fact that the petition for divorce filed by appellee and upon which said divorce was granted contained the following allegation:

"That there will be no issue or child from said union, and she desires her maiden name restored, to wit: Ola Chumley."

Appellant contends that he relied on said allegation in appellee's petition, and that had such allegation not been made he would have contested appellee's right to a divorce, and that it is impossible to now place him in statu quo, and that appellee is therefore estopped to deny the truth of such allegation. The record shows that during the pendency of the suit for divorce the property rights of the parties were adjusted by agreement. By the terms thereof appellee agreed to withdraw her claim for any interest in the property of appellant of every kind and character, and agreed that judgment should be entered in his favor for all such property, and admitted that there was no community property and that she had no separate real estate. Appellant agreed therein to pay appellee the sum of $59 and to pay all costs of court and an attorney's fee for appellee in the sum of $50. The judgment of the court recited that appellant appeared by answer therein. Such judgment granted appellee a divorce, restored her maiden name, and ordered appellant to pay the costs, and declared that there was no community property and no separate estate of appellee.

[1] In support of his plea of estoppel, and in connection with his contention that he would have contested appellee's suit for divorces if she had not alleged there would be no issue of their marriage, appellant sought to prove that the grounds for divorce alleged by appellee in her petition therefor were not true, and that she did not in fact have any ground for divorce. The court refused to hear such testimony, and such refusal is assigned as error. The judgment of the court in said divorce suit adjudicated appellee's right to a divorce on the grounds alleged in her petition. As against a collateral attack, as was so attempted by appellant, it imported absolute verity, and precluded a reexamination into the truth of the matters so decided by either of the parties thereto. 21 C. J. p. 1063, § 21; Bryan v. Bridges, 10 Tex. 149. The court did not err in excluding such testimony.

[2, 3] The allegation in appellee's petition in her divorce case that there would be no issue of the marriage sought to be dissolved was immaterial to any issue involved in said suit. The right of either spouse to a decree of divorce on grounds authorized by statute is not in any way dependent on whether issue of the marriage exists at the time or whether the birth of issue in the future may reasonably be anticipated. The court did not in said suit attempt to determine or declare that there would be no issue of such marriage, and properly so, because the existence of issue, present or prospective, was wholly immaterial to any relief sought therein. No estoppel by such judgment was shown. Cook v. Burnley, 45 Tex. 97, 115. We do not understand appellant to so contend. His contention is that an equitable estoppel against appellee exists by reason of said allegation and his claim of reliance thereon. Our Supreme Court, in the case of Equitable Mortgage Co. v. Norton, 71 Tex. 683, 689, 10 S. W. 301, 304, in discussing the elements of such character of estoppel, said:

"The elements present in an estoppel by conduct are summarized in Bigelow on Estoppel, 484: (1) 'There must have been a false representation or concealment of material facts.' (2) 'The representation must have been made with knowledge of the facts.' (3) 'The party to whom it was made must have been ignorant of the matter.' (4) 'It must have been made with the intention that the other party should act upon it.' (5) 'The other party must have been induced to act upon it.' These rules are practically recognized by our courts in the decisions upon the subject. (28 Texas, 416, Burleson v. Burleson; Id. 730, Scoby v. Sweatt.)"

[4, 5] Before the trial court could find that an equitable estoppel existed in this case, it devolved upon appellant to support his contention by proof of each of such constituent elements. Appellee testified that the reason she made in her petition for divorce the allegation under consideration, was that she wanted her maiden name restored. Such allegation was wholly unnecessary for that purpose. The power of the court to grant such relief is in no way restricted to cases in which there are no children of the marriage. She also testified that before the trial

of the case she consulted a reputable physician to ascertain whether there would be any issue and that he informed her there would be none, and that she did not know anything to the contrary. No other testimony on this subject was introduced. There is nothing in evidence to indicate that her mistake was not an honest one, nor that she was culpably negligent in so believing. Such being the case, no estoppel arose. 21 C. J. pp. 1125–6, §§ 128–9. If it had been shown that she was conscious at the time she made said allegation, that she was ignorant of her real condition but professed knowledge of the same for the express purpose of inducing appellant to act thereon, a different question would be presented. 21 C. J. p. 1124; Taylor v. Tompkins, 1 White & W. Civ. Cas. Ct. App. p. 589, § 1051. Whether the evidence in this case was sufficient to raise such issue we need not determine, because such evidence is clearly insufficient to establish the same as a matter of law.

[6-8] Whether appellant acted on such allegation to his prejudice, and by such action changed his condition for the worse, was also an issue of fact to be determined by the trial court from the evidence. Appellee testified that the $59 paid her by appellant, under the terms of the agreement above referred to, was to repay her for her separate money earned before her marriage which she had loaned to appellant. This testimony was not controverted. The costs of court and the $50 paid by appellant to appellee's attorney in said case, were charges which the court could have properly allowed as incident to appellee's recovery of judgment for divorce. The only testimony on the subject of appellant's acting on the supposed truth of such allegation was his own and was as follows:

"At the time that divorce suit was filed and tried, the plaintiff alleged in her petition that there would be no child or issue of the union, and I relied upon that allegation at the time the suit was tried and I did not contest the suit. If I had known that there would be a child, I would not have allowed her to get the divorce if I could possibly have prevented it."

Appellant being a party to the suit and interested in the result of the same, his credibility as a witness and the weight to be given his testimony was for the court trying the case, and the court was authorized in his discretion to disregard such testimony, though the same was not contradicted. Moore v. Moore (Tex. Civ. App.) 259 S. W. 322, 327, and authorities there cited. The

case having been heard before the court, and no findings of fact or law having been filed by the court or requested by appellant, we are required to consider every issuable fact as found in appellee's favor if there is any evidence to support such finding. In passing upon the sufficiency of the evidence to sustain each such finding, we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention and considering only the facts and circumstances which tend to sustain such finding. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W 688, 690, and authorities there cited. The issue of equitable estoppel having been decided by the trial court against appellant on the evidence, and the evidence being wholly insufficient to establish the necessary elements of such estoppel as a matter of law, we are not authorized to disturb the judgment of the trial court on that ground.

[9-12] While it is the legal as well as the moral duty of both parents to support their offspring, such duty rests primarily upon the father. He is not absolved nor discharged from such duty though he may be divorced from the mother, nor though such mother may have exclusive custody and control of the child. Gulley v. Gulley, 111 Tex. 233, 231 S. W. 97, 15 A. L. R. 564. The duty so imposed by law upon the father is for the benefit of the child, and is supported by considerations of moral obligation and public policy. Clearly the right of the child in this case to such support from its father could not be affected by any kind of estoppel against its mother. It appears affirmatively from appellant's own testimony that he has never contributed anything to its support. He does not contend by either pleading or proof that he is not now, and has not been, continuously since its birth, financially able to support it. Having failed to make or offer to make any provision for its support, any person who had supplied it with necessaries for such support could maintain a suit to recover the reasonable value thereof. In the absence of some equitable reason why the appellant should be relieved of his primary obligation in the premises and such primary obligation imposed upon appellee, she had the same right to recover for such necessaries as a stranger would have had. Gulley v. Gulley, supra. The trial court has found against the existence of any such reason, and such finding is not without support in the evidence.

The judgment of the trial court is affirmed.