**COLEMAN et al. v. BUTTRAM.**
No. 4034.

Court of Civil Appeals of Texas. Texarkana.
May 28, 1931.

L. E. Keeney and N. L. Dalby, both of Texarkana, for appellants.

Pirkey & Atchley, of New Boston, for appellee.

LEVY, J. (after stating the case as above). It is concluded that the appellants' first proposition relating to the refusal to peremptorily instruct a verdict should be overruled because the acts and circumstances in evidence are fairly sufficient to carry to the jury the issue of whether or not the appellee's possession became adverse to the appellants as cotenants. The appellee, who was a stranger to the title in the first instance, purchased the entire tract from the mother of the appellants, in the information and upon the belief that the mother owned the full title, and took immediate possession and visibly used and exclusively claimed as his own all the land from December, 1915, to the date of the trial in 1929. He also paid all the taxes on the land. The appellee's open and visible use and claim of ownership of all the land was apparently of a notoriety in the community such as would, as the jury might find, have enabled appellants, by diligence on their part, to have learned of the adverse claim and its active assertion. Where the grantee is, as here, a stranger to the title and enters into visible possession of all the property, although not recording his deed, and claims title thereto, acts of ownership and use may, according to the facts of the particular case, present a question for the jury's consideration of disseisin of the other cotenants wherever the acts of ownership and possession go to show inconsistency with the joint title. The general rule is stated in Long v. McCoy (Tex. Civ. App.) 294 S. W. 633 ; 2 Tex. Jur. §§ 56, 57, p. 106.

The second proposition is based upon a refusal to give special charges. It is thought the court did not err in refusing the charges. Acts which affirmatively show adverse possession, and are not otherwise so explained as to show a consistency with the joint title, will have the same effect as against cotenants as in other cases. And adverse possession was sufficiently explained in the main instruction of the court.

The third proposition is based upon the refusal to sustain the claim of Jewel Coleman that he was under 21 years old and that the bar of limitation was not complete against him. Jewel Coleman, a defendant in the suit, and claiming an interest in the land and a partition, pleaded, as against limitation, that he was a minor. His brothers and sisters were not examined as to his age, although they were witnesses testifying in the case. He, and no other witness, testified in support of his plea, as to his age, that he was "thirty-one years old on April 19, 1930." Minority and proof thereof legally constitute a complete ground of defense. That ground of defense was not submitted nor requested to be submitted to the jury. Under Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, 1085, it was expressly laid down, viz.: "When the omitted issue constitutes a complete ground of recovery, or a complete defense, a failure to request a submission of that issue waives said ground of recovery or said ground of defense." Citing authorities. Therefore the ground of defense would have to be regarded as waived, unless the further contention of appellant should prevail. As appellant insists the evidence of Jewel Coleman being direct, positive, and unimpeached, and unopposed by other witnesses, his evidence could not be arbitrarily disregarded by either the court or the jury, and therefore there arose no issue of fact in respect to the particular issue for decision by the jury. Ordinarily a person may be regarded competent to testify as to his own age, although that sort of evidence is in the nature of hearsay. But sometimes his means of knowledge of the very month and year of birth may or may not be equal to that of other persons who might have been called as witnesses. And sometimes circumstances of self-interest or being a party to the suit may or may not discredit the testimony of the witness, although there

is no affirmative evidence contradicting his statement. In this case if the statement of the witness that he was "thirty-one years old on April 19, 1930," be correct and taken in the case as conclusive proof, then the witness was not barred of his title to the land by the bar of ten years' limitation, (Rev. St. 1925, art. 5510) lacking about nine months of completing the bar. The month and year of birth thus became very material particulars of proof. There is then presented the very pertinent inquiry of: Did the circumstance that Jewel Coleman was a party to the suit and had an actual, legal existing pecuniary interest in the question in litigation require submission to the jury for finding of the fact of minority or not? Parties to a suit who testify in their own cases, and who have an actual legal existing pecuniary interest in the issue in litigation, are in a different class as witnesses who have no actual legally existing pecuniary interest in the issues or in the litigation. Under the common law "the parties to the case" were arbitrarily excluded as witnesses, as wholly incompetent to testify, because of their interest "in the issue" of the litigation. 1 Greenleaf on Evidence, §§ 328–328e. The circumstance creating this disqualification was known as self-interest. The ground of being thus disqualified as a witness was because of "that supposed inclination to falsify which arose from the prospect of gaining or losing by the issue of the proceedings." Parties to the suit are now let in as witnesses in their own cases by statute. Article 3714 (Rev. St.). Although parties are made competent to testify and their testimony is admissible, yet the question of the credibility of their testimony, although uncontradicted, nevertheless becomes a matter for the consideration and determination of the court or jury because of the circumstance appearing of self-interest in the proceedings; and in making this inquiry the factual element of self-interest in the suit, or in the issue being tried, can be taken into consideration. The jury or the court under the well-settled rule in this state has the right to respond to the question of how far the factual element or circumstance of self-interest would impair or warp the credibility of a party to the suit who is a witness in his own case. Burleson v. Tinnin (Tex. Civ. App.) 100 S. W. 350; Rayner v. Posey (Tex. Civ. App.) 173 S. W. 246; Peerless Fire Ins. Co. v. Barcus (Tex. Civ. App.) 227 S. W. 368; Mills v. Mills (Tex. Com. App.) 228 S. W. 919; Texas & N. O. R. Co. v. Gericke (Tex. Com. App.) 231 S. W. 745; Queen v. Turman (Tex. Civ. App.) 241 S. W. 786; Guaranty State Bank v. Roark (Tex. Civ. App.) 243 S. W. 591; First Nat. Bank v. Howard (Tex. Civ. App.) 174 S. W. 719; Keton v. Silbert (Tex. Civ. App.) 250 S. W. 316; Brannan v. Bank (Tex. Civ. App.) 211 S. W. 945; Dendinger v. Martin (Tex. Civ. App.) 221 S. W. 1095; Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447; Moore v. Moore (Tex. Civ. App.) 259 S. W. 322; Hartman v. Chumley (Tex. Civ. App.) 266 S. W. 444; Chicago, R. I. & G. R. Co. v. Hammond (Tex. Civ. App.) 286 S. W. 483; 28 R. C. L. p. 471; 4 Jones on Evid. § 725; 40 Cyc. pp. 2652–2655.

There are some exceptions, as may be seen in the particular facts of cases, as to the parties in the suit to whom this general rule is made applicable. The mere fact alone of being a party is not always sufficient. But in this case the party was well within the general rule because of the fact that he was a party to the suit having an actual legal existing pecuniary interest in the issue and the litigation. 1 Greenleaf on Evid. p. 882, § 386; 4 Jones on Evid. § 726.

The judgment is affirmed.