**EVANS v. FIRST NAT. BANK OF MT. VERNON.**

No. 4393.

Court of Civil Appeals of Texas. Texarkana.

Nov. 3, 1933.

Rehearing Denied Nov. 16, 1933.

Jones & Jones, of Mineola, and R. T. Wilkinson, Jr., of Mt. Vernon, for plaintiff in error.

F. B. Caudle, of Mt. Vernon, for defendant in error.

SELLERS, Justice.

The First National Bank of Mt. Vernon brought this suit in the district court of Franklin county against J. K. Evans and J. L. Evans, defendants, to foreclose a judgment lien upon 151½ acres of land, a part of the J. C. Evans survey, and 5½ acres of the T. L. Prather survey. The lien is based upon a judgment entered February 17, 1931, for the sum of $2,772.66 in favor of the plaintiff against J. L. Evans. The plaintiff further alleged that J. L. Evans had conveyed to J. K. Evans the above-described land on November 13, 1928, for the purpose of delaying, hindering, and defrauding his creditors, and especially the plaintiff. It was also alleged that the indebtedness of J. L. Evans to the plaintiff was prior to his conveyance of the property to J. K. Evans. The plaintiff prayed for judgment foreclosing the judgment lien, and that the deed of conveyance by J. L. Evans to J. K. Evans be canceled.

The defendants answered by general denial, general demurrer, and specially denied that said conveyance was made for the purpose of delaying, hindering, or defrauding the plaintiff in the collection of its debt, and also alleged that said conveyance was made in good faith and for a valuable consideration. The case was submitted to a jury upon special issues, which issues with the jury's answers thereto are as follows:

"Was J. L. Evans indebted to J. K. Evans at the date of the making and delivery of the deed to him and which has been offered in evidence before you?" Answer: "No."

"Was the land described in the deed of more value than was reasonably sufficient to pay the debt, if any, that J. L. Evans owed J. K. Evans and the amount owing the land bank?" Answer: "Yes."

"Do you find from a preponderance of the evidence that the conveyance of the land from J. L. Evans to J. K. Evans was made for the purpose of hindering, delaying or defrauding the plaintiff in the collection of its debt against J. L. Evans?" Answer: "Yes."

"Did J. K. Evans have notice of such intention, if any, at the time the deed was delivered to him?" Answer: "Yes."

"What do you find from a preponderance of the evidence was a reasonable cash market value of the land at the date of the making and delivery of the deed?" Answer: "$3,000.00."

"What do you find from a preponderance of the evidence was the amount that J. L. Evans owed J. K. Evans, if anything, at the date of the making and delivery of the deed introduced in evidence?" Answer: "Nothing."

In accordance with the jury's verdict the court rendered judgment for plaintiff canceling the deed from J. L. Evans to J. K. Evans and foreclosing the judgment lien on the land, to which judgment the defendants duly excepted, and J. K. Evans has prosecuted his appeal to this court by writ of error.

All the plaintiff in error's propositions of law, on which he relies for a reversal of the judgment in this case, except one, are predicated upon the contention that it was conclusively proven upon the trial that J. L. Evans was indebted to J. K. Evans in the sum of $1,500, and that the court should not have submitted this issue to the jury, since the evidence on such issue was uncontroverted. It follows that if the jury were authorized to find that J. L. Evans was not indebted to J. K. Evans, then plaintiff in error's assignments would not have support in the record and need not be fur-

ther considered, and therefore we will consider this question first.

There is evidence that J. L. Evans is the father of J. K. Evans; that he conveyed the land involved to his son in settlement of a debt of $1,500 which he owed the son, and upon the further consideration of the son's assuming to pay the sum of $1,500 which the father owed on the property; that at the time of the conveyance J. K. Evans was indebted to the defendant in error and that said indebtedness was later reduced to judgment. The only evidence offered as to the indebtedness of J. L. Evans to his son, J. K. Evans, is that given on the trial by them. The pleadings and evidence show conclusively that the suit is one by a prior creditor to cancel as fraudulent a conveyance by a debtor, and comes within the provisions of article 3997, R. C. S. 1925. Under this article the burden of proof that the sale was made for a valuable consideration rested upon J. K. Evans, the purchaser, Tillman v. Heller, 78 Tex. 597, 14 S. W. 700, 11 L. R. A. 628, 22 Am. St. Rep. 77; Taylor v. Tillotson (Tex. Civ. App.) 272 S. W. 323, not upon the defendant in error as contended for by plaintiff in error. The burden, then, being upon plaintiff in error to establish that J. L. Evans was indebted to J. K. Evans, and the only evidence on the issue being that of plaintiff in error, the jury had a right to reject a portion or all of their evidence on this issue and find, as they did, that J. L. Evans was not so indebted. They were parties to the suit, and the evidence tended to be self-serving. Coleman v. Buttram (Tex. Civ. App.) 40 S. W.(2d) 977; Stern v. Maxwell (Tex. Civ. App.) 44 S.W.(2d) 482.

◼ Plaintiff in error's other proposition is to the effect that it was error for the court to admit in evidence declarations of J. L. Evans made after the conveyance to J. K. Evans and without the presence or knowledge of J. K. Evans to the effect that J. L. Evans had placed his property where the plaintiff in error could not get it. It is unquestionably the general rule that the declarations of a grantor made after a sale and without the presence and knowledge of the purchaser cannot be received in evidence to defeat the purchaser's title to the property conveyed. Hinson v. Ely Walker & Co., 65 Tex. 103. An exception to this general rule is that such statements are admissible when a prima facie case of fraud has been established. Johnson v. Lagow et al. (Tex. Civ. App.) 6 S.W.(2d) 383. The question, then, to determine is whether the defendant in error made a prima facie case of fraud against the plaintiff in error. It

has already been noted that this case comes within the provision of article 3997 of our statute. Under this statute, as construed by our Supreme Court, a conveyance by a debtor is prima facie void as to existing creditors. Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567. And the burden is upon the purchaser in order to uphold the conveyance to rebut the fraudulent prima facie purpose by showing he paid a valuable consideration for the property, Tillman v. Heller, supra, or that the debtor was possessed of sufficient property at the time of the conveyance subject to execution to pay his debts. Collett v. Houston & T. C. R. Co. (Tex. Civ. App.) 186 S. W. 232. We think it necessarily follows there could be no reversible error in admitting the evidence complained of, since a prima facie case was made by the defendant in error.

Finding no error in the record, the judgment of the trial court will be affirmed.

#### On Motion for Rehearing.

◼◼ Plaintiff in error in a very able motion for rehearing has challenged the correctness of this court's holding that a prima facie case of fraud was established which authorized the introduction in evidence of the statements of J. L. Evans, complained of. This holding was predicated upon the fact that the deed from J. L. Evans to J. K. Evans was not upon a valuable consideration as against prior creditors, in that the jury found that J. K. Evans was not indebted to J. L. Evans, and the balance of the consideration being the assumption of an incumbrance upon the property conveyed in the sum of $1,500, which was only about one-half the value of the property conveyed, would not be a valuable consideration against the grantor's creditors. C. J. § 224, p. 534. There being no consideration deemed valuable in law, the conveyance was voluntary. But if we are in error in holding that a prima facie case of fraud had been made, as held in the original opinion, we think it well settled that such declarations were admissible upon another well-defined exception to the general rule. The evidence shows without contradiction that at the time the declarations complained of were made, which were admitted in evidence, J. L. Evans was in possession of the property conveyed, and it seems that the declarations of the grantor while in possession after the sale, to the effect that he had placed his property beyond the reach of creditors, are admissible against the grantee, though made in his absence. 20 Tex. Jur. § 160.

Plaintiff in error's motion for rehearing is overruled.