## DUNCAN v. JONES.

### No. 5837.

Court of Civil Appeals of Texas. Texarkana.

Motion for Rehearing June 17, 1941.

Rehearing Denied July 3, 1941.

W. Clyde Hull, of Pittsburg, for appellant.

Old & Lilienstern, of Mt. Pleasant, for appellee.

HALL, Justice.

This is a statutory action of the trial of right of personal property consisting of two mules. The following facts are undisputed: Appellant on August 3, 1939, prior to the institution of this suit, recovered judgment against one Ben S. Parks in Justice's Court of Precinct No. 1, Camp County, in the sum of $113.08. After return of execution directed to Titus County "not served," a pluries execution was issued out of said Justice's Court and delivered to the sheriff of Franklin County. In executing said writ the sheriff, on November 6, 1939, levied on the two mules in controversy as the property of Ben S. Parks. On the same day appellee filed with the officer levying said writ a claimant's oath and bond, which the officer delivered to Justice of the Peace of Precinct No. 2, Franklin County. On December 9, 1939, the issue properly joined and the trial of the right of property was had in said Justice's Court which resulted in a judgment for appellant. Appellee prosecuted an appeal to the County Court of Franklin County, and on May 11, 1940,

judgment was rendered by that court in his favor. Appellant has appealed to this court.

Appellant's fourth and sixth propositions are:

No. 4: "The trial court should have not rendered judgment for the defendant, Felix Jones, because there was no evidence that on October 25, 1939, Ben S. Parks was possessed of property subject to execution not conveyed by the Bill of Sale from Ben S. Parks to the defendant, Felix Jones, the burden of proof being on the defendant to show that Ben S. Parks was, on October 25, 1939, possessed of property subject to execution not conveyed in said Bill of Sale, sufficient to pay his existing debts."

No. 6. "The trial court should not have rendered judgment for the defendant, Felix Jones, because there is no evidence in the case showing that the defendant did not receive property under said Bill of Sale in value in excess of his indebtedness, the burden of proof being on the defendant to show such fact."

These propositions will be treated together. The bill of sale by which appellee claims title to the two mules in controversy is dated October 25, 1939, recites a consideration of $300, is "given subject to a mortgage held by the Talco State Bank in the sum of $458.68," and covers the following personal property:

1 Mouse colored mare mule about 10 yrs. old weigh about 1300 lbs.
1 Mouse colored horse mule about 10 yrs. old weigh about 1300 lbs.
1 gray mare mule, about 10 yrs. old weigh about 1300 lbs.
3 black horse mules, about 10 yrs. old weigh about 1300 lbs. each.
All harness for above.
3–3½" wagons.—3–3" wagons.
6—Western Fresnos—5–Western Slips.
3—Western plows—1 John Deere plow.
1—Little Western road grader.

It is agreed and understood that this bill of sale is given subject to a mortgage held by the Talco State Bank in the sum of $458.68.
1—#19 Tulsa Winch 1—Nabors Trailor.

The indebtedness to the Talco State Bank, however, was indisputably shown to be $223.68 and was secured by a mortgage on the above-described six mules, dated July 10, 1939, due September 10, 1939. R. C.S. Article 3997 has application to volun-

tary conveyances by debtors and that part applicable here is: "Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts; * * *."

The trial court found as a fact (finding of fact No. 3) that "said bill of sale from Ben S. Parks to Felix Jones had been duly executed on October 25, 1939, for a *valuable consideration,* in that Ben S. Parks paid a debt to Felix Jones with said bill of sale." (Italics ours.) The record is undisputed that appellee Jones "operated" the Talco State Bank and was the owner of the Jones Gulf Filling Station; that the indebtedness paid by the bill of sale and furnishing the sole consideration therefor, was a debt of $300 owing by Ben S. Parks to the Jones Gulf Filling Station. Such consideration for the bill of sale, under the authorities of this State, is not a valuable one and insufficient to constitute appellee a bona fide purchaser. Chas. M. Stieff, Inc., v. City of San Antonio, 130 Tex. 594, 111 S.W.2d 1086, opinion approved by Supreme Court. In Evans v. First Nat. Bank of Mt. Vernon, Tex.Civ. App., 65 S.W.2d 366, 368, writ dismissed, Judge Sellers of this Court in discussing a situation somewhat similar to the one here said: "Under this statute [Art. 3997], as construed by our Supreme Court, a conveyance by a debtor is prima facie void as to existing creditors. Maddox v. Summerlin, 92 Tex. 483, 49 S.W. 1033, 50 S.W. 567. And the burden is upon the purchaser in order to uphold the conveyance to rebut the fraudulent prima facie purpose by showing he paid a valuable consideration for the property, Tillman v. Heller, supra [78 Tex. 597, 14 S.W. 700, 11 L.R.A. 628, 22 Am.St. Rep. 77], or that the debtor was possessed of sufficient property at the time of the conveyance subject to execution to pay his debts. Collett v. Houston & T. C. R. Co. (Tex.Civ.App.) 186 S.W. 232."

There is no contention here that appellee met either of these burdens which the law placed upon him. In such circumstances he would not be entitled to hold the two mules as against appellant, a prior judgment creditor of Ben S. Parks. And especially is this true in view of finding of fact No. 8, amply supported by the evidence, that "Ben S. Parks paid the said Felix Jones the sum

of $498.54 in December 1939 (several months before the trial of this case in the court below) out of his earnings, such payment being evidenced by three checks payable to the said Ben S. Parks, by him delivered to the said Felix Jones." This being true, there was owing by Ben S. Parks on the date of the trial but a small part of the combined indebtedness due by him to the Jones Gulf Filling Station and the Talco State Bank. In our opinion it would be inequitable to permit appellee to retain the large amount of personal property conveyed by the purported bill of sale and deny to appellant, a creditor of Parks, the payment of a just indebtedness. These propositions are sustained.

For the reasons above indicated, the judgment of the court below is reversed and here rendered for appellant.