**BATES et al. v. CASTILLO.**

No. 3078.

Court of Civil Appeals of Texas.
Tenth Dist., Waco.

March 26, 1953.

Rehearing Denied April 23, 1953.

John L. Bates, Walstein Smith, Jr., Waco, for appellants.

Scott, Wilson & Cureton, Waco, for appellee.

HALE, Justice.

Appellants, as assignees for the benefit of creditors of Better Housekeeping, Inc., sued appellee to set aside a deed of trust which he executed on behalf of the corporation as its president for the purpose of securing himself in the payment of certain notes which he held against the corporation. As grounds of the relief sought, appellants alleged in substance that the corporation was insolvent at the time when the deed of trust was executed, that there was no new consideration for the execution thereof, its purpose being to secure appellee in the payment of antecedent unsecured notes, and that the deed of trust was executed with a view and with the intent to hinder, delay and defraud creditors of the corporation. They also alleged that the deed of trust was invalid because it did not bear the corporate seal. Appellee denied all the allegations of appellants with respect to the invalidity of the deed of trust and by way of cross-action sought judgment against the corporation for the amount of his debt and a foreclosure of his deed of trust lien. The case was tried before the court without a jury and resulted in judgment denying appellants any relief and awarding to appellee a recovery for his debt against the corporation, with foreclosure of his deed of trust lien as against appellants and the corporation.

Appellants say in effect that the judgment appealed from should be reversed and judgment should be here rendered setting aside the deed of trust because, under the facts of this case, the deed of trust was void within the purview of Art. 3997 of Vernon's Tex.Civ.Stats. and the property covered in the deed of trust passed to them as assignees under the provisions of Art. 268 of Vernon's Tex.Civ.Stats., notwithstanding the purported conveyance evidenced by the deed of trust.

There is no dispute in the evidence as to the material facts in the case, the evidence consisting of certain written documents and the stipulation of the parties relating thereto. The record discloses that on and prior to March 15, 1952, Better Housekeeping, Inc., was a corporation with appellee as its president and principal stockholder, the other stockholders being Elva Castillo and A. B. Cross; on the latter date the corporation was insolvent and appellee and the creditors for whom appellants are acting in this cause were each prior, unsecured creditors; at that time appellee, acting as president of the corporation and in pursuance of a resolution unanimously passed by its board of directors, executed a deed of trust on certain real estate situated in McLennan County belonging to the corporation to secure the payment of three notes being dated (1) November 6, 1950, for $6,000, (2) June 19, 1951, for $712.65, and (3) November 14, 1951, for $2,037.88, respectively, each of the notes being payable to the order of appellee on demand and each being signed by appellee as president of the corporation; the deed of trust so executed on March 15, 1952, was filed for record with the County Clerk of McLennan County on the day it was executed and although the corporate seal was not affixed thereto at the time it was recorded, the seal was placed on the same immediately after its recordation.

The evidence further shows that on June 23, 1952 a deed of assignment in proper form was duly executed on behalf of Better Housekeeping, Inc., whereby it conveyed all of its real and personal estate to appellants as trustees for the benefit of the consenting creditors of the insolvent corporation. Appellants duly accepted the trust, agreed faithfully to perform their duties as assignees in accordance with the statutes concerning assignments for the benefit of creditors, and caused the assignment to be properly recorded in the deed records of McLennan County. The inventory attached to the deed of assignment, sworn to by the corporation's vice president, lists 45 creditors of the corporation and shows total liabilities amounting to $83,252.58, with total assets of the estimated value of $49,943.00.

In 1840 the Congress of the Republic of Texas enacted certain legislation, now embraced in Arts. 3995–3997 of Vernon's Tex. Civ.Stats., relating to fruads and fraudulent conveyances. Art. 3996 thereof pro-

vides in substance that every conveyance of any estate given with intent to delay, hinder or defraud creditors shall, as to such creditors, be void, unless the grantee in the conveyance was an innocent purchaser for value without notice of the fraudulent intent of the grantor. Art. 3997 thereof, referring to voluntary conveyances, reads in part as follows: "Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts; * * *".

Art. 268 of Vernon's Tex.Civ.Stats., being a part of the statutory enactments of this State relating to assignments made by debtors for the benefit of their creditors, reads as follows: "Except as to innocent purchasers for value, all property conveyed or transferred by the assignor previous to and in contemplation of assignment with the intent or design to defeat, delay or defraud creditors, or give preference to one creditor over another, shall pass to the assignee by the assignment, notwithstanding such transfer; * * *".

In this case the evidence, when considered in connection with the stipulation of the parties, shows clearly and unequivocally that the deed of trust in controversy was designed for the purpose and with the intent on the part of appellee and the other directors and stockholders of the corporation of placing the property therein described beyond the reach of the corporation's general creditors and thereby give to appellee as an unsecured creditor a preference over the other unsecured creditors in the ultimate payment of their claims against the insolvent debtor. In our opinion, appellee, as an unsecured creditor, was not, within the meaning of the statutes to which we have referred, an innocent purchaser for value of the estate which the deed of trust purported to convey for his benefit. He did not part with anything of value as an inducing cause for the conveyance of the estate so conveyed, he did not renew or extend any of his past due notes and he did nothing which tended to alter or in anywise change his pre-existing status as an unsecured creditor. As the president and principal stockholder of the corporation, he knew of its insolvent condition and, even though his antecedent debt could properly be regarded in law as a valuable consideration for the execution and delivery of the deed of trust, he must have known that the necessary effect of giving himself a preference over other unsecured creditors would inevitably be to defeat, delay or defraud the other unsecured creditors in the enforcement of their right to share ratably with him in a fair and equitable liquidation of their just claims against the insolvent debtor. It must be held as a matter of law, we think, that he intended, both as president of the corporation and as a creditor thereof, to do that which he knowingly did do and that he consciously intended that such preference in his favor should have the injurious consequences to the rights of others which he knew it necessarily and inevitably would have. Although he was ostensibly acting in a dual capacity when he delivered the deed of trust from himself to himself, he was in reality bound to be cognizant of the motives which prompted his right hand in giving that which his left hand was receiving.

■■ We recognize the right of a debtor, though insolvent, to execute in good faith a mortgage for the purpose of securing the payment of a creditor and thereby give to such creditor a preference. This rule has even been applied in some instances where the insolvent debtor was a corporation and the creditor was a stockholder or officer of the corporation. However, where an insolvent corporation with only three stockholders causes a mortgage or deed of trust to be executed for the purpose of securing its president and principal stockholder in the payment of past due notes previously given and accepted without any security for the payment thereof, and within less than four months thereafter executes a statutory assignment for the benefit of its creditors, such acts having been committed under the circumstances shown by the evidence and stipulations in

this cause, we do not think it can be said that the insolvent corporation acted in good faith in authorizing the execution of the deed of trust, or that such voluntary conveyance was valid, or that the beneficiary of the insolvent corporation's generous bounty was an innocent purchaser for value within the meaning of the time-honored statutes of this State relating to frauds and fraudulent conveyances.

Under the record before us we have concluded that the deed of trust in controversy was void as to prior creditors of Better Housekeeping, Inc., and that the property covered therein passed to appellants as assignees for the benefit of such creditors, free of any lien in favor of appellee. Our conclusion is based in part upon the statutory provisions to which we have referred and upon the following authorities cited in the brief of appellants, viz.: 20 T.J. pp. 416, et seq., Secs. 58, 59, 65 and 66; Continental Supply Co. v. Forrest E. Gilmore Co. of Texas, Tex.Civ.App., 55 S.W.2d 622, pts. 5–6 (er. dis.); Evans v. First Nat. Bank of Mt. Vernon, Tex.Civ.App., 65 S. W.2d 366 (er. dis.); Charles M. Stieff Inc. v. City of San Antonio, 130 Tex. 594, 111 S. W.2d 1086, pt. 9; Zorn v. Brooks, 125 Tex. 614, 83 S.W.2d 949; Gardner v. Gardner Park Amusement Co., Tex.Civ.App., 119 S.W.2d 1064; Duncan v. Jones, Tex.Civ. App., 153 S.W.2d 214. Therefore, we hold that the trial court erred in denying appellants the relief which they sought and in awarding to appellee a foreclosure of his asserted deed of trust lien.

Accordingly, that part of the judgment of the court below which awarded to appellee a recovery for his debt in the total aggregate sum of $12,424.49 against Better Housekeeping, Inc. is affirmed; but the remainder of the judgment appealed from is reversed and judgment is here rendered in favor of appellants, canceling and setting aside the deed of trust in controversy, denying appellee a foreclosure of his asserted lien, and taxing against him all costs of court in this behalf incurred.

Affirmed in part and reversed and rendered in part.